Arthur BRAWN and Gloria Brawn, Plaintiffs,

v.

FUJI HEAVY INDUSTRIES, LTD. and Subaru of America, Inc., Defendants.

Civ. No. 91–296–P–H.

United States District Court, D. Maine.

Feb. 9, 1993.

Robert J. Stolt, David M. Lipman, Peter B. Bickerman, Lipman & Katz, P.A., Augusta, ME, for plaintiffs.

Robert H. Stier, Jr., Neal F. Pratt, Kenneth D. Pierce, Bernstein, Shur, Sawyer & Nelson, Portland, ME, for defendants.

## ORDER

HORNBY, District Judge.

1. DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE THE TRIAL TESTIMONY OF PLAINTIFFS' WITNESS, ALBERT BENJAMIN KELLEY. According to his deposition, Mr. Kelley would testify as follows:

A. Yes, the opinions I have developed in this case to date are that [1] F.M.V. 216 is not relevant to the circumstances and events in this case and that this case involves essentially an underlying crash for which there are no federal standards. [2] I had concluded that impacts with animals—injurious impacts by animals are entirely foreseeable. [3] I have concluded that manufacturers are obligated to provide adequate crashworthy protection in such impacts or, if they cannot do so, to warn prospective buyers and users of their products.

Q. When you say "in such impacts," what are you referring to?

A. Animal impacts that are potentially injurious.

Q. Anything else?

A. Yes. [4] It is my I am going to call it preliminary opinion, because I of course have not seen really much of anything that has been produced by the defense in this case in terms of depositions, responses to production and what I believe I will need in order to have a final opinion in this area, but I will give you my opinion as of now based on what I know and that is that the manufacturer here appeared to lack a process that would lead to the provision of adequate crashworthiness or, if such could not be provided, the development of an effective warning to that effect.

Q. Anything else?

A. Yes. [5] I have concluded that the manufacturer knew or should have known both of the need for adequate crashworthiness and of a range of design alternatives that it could consider in providing that level of crashworthiness.

Q. Anything else?

A. Yes. [6] My last opinion is that Subaru failed to meet is own commitment to safety as expressed in its marketing and advertising materials by failing to provide adequate crashworthiness or, in the alternative, a warning in this case.

Q. Any other opinions?

A. No.

I find that none of this testimony is appropriate under the Federal Rules of Evidence.

■ On the first topic, Federal Motor Vehicle Safety Standard 216 and its relevance, it is the judge's role to instruct the jury concerning the law and thus the significance of any federal standard. Any testimony by Mr. Kelley attempting to place FMVSS 216 in context by explaining how it came into being (for example, the lobbying forces at work) or explaining its role in terms of standard of care (as proposed elsewhere) would infringe upon the judge's role at trial to instruct the jury on the law. Furthermore, I do not understand any party to argue that there is any federal safety standard that deals with car-animal collisions. Therefore, no testimony is needed on that point.

■ With respect to the second topic, the foreseeability that cars and animals will collide with ensuing injuries, there is no need for such testimony for a Maine jury, and the plaintiffs conceded as much at oral argument. Mr. Kelley's opinion on that issue is simply not of assistance to the trier of fact in understanding the evidence or determining a fact in evidence. *See* Fed.R.Evid. 702.

■ With respect to the third topic, a manufacturer's obligation to provide crashworthy protection against car-animal collisions, or to warn, Mr. Kelley's opinion as described purports to determine the legal standard of care and therefore infringes upon the role of the judge so far as the law is concerned.

■ With respect to the fourth topic, whether the defendants had a "process that would lead to the provision of adequate crashworthiness" or a warning, the plaintiffs have not shown me that Mr. Kelley has any knowledge on this subject, expert or otherwise, that would assist the jury.

■ The fifth topic is whether the defendants knew or should have known of the need for crashworthiness and the range of alternatives available. On the first part, Mr. Kelley has no admissible evidence to offer that would assist the jury. On the second part, his patent search evidence (proposed elsewhere) does not reveal whether his "design alternatives" are feasible or what their costs would be and is therefore inadmissible under both Rule 702 and Rule 403.

■ With respect to the sixth topic, Subaru's alleged failure to meet its own commitment to safety as expressed in its advertising, the jury is able to read or hear for itself any advertising that I find is admissible and to determine whether the defendants' conduct lives up to that advertising. I find no way in which testimony by Mr. Kelley on this subject would be helpful. (Moreover, the plaintiffs have now withdrawn their claim based upon express warranty.)

Accordingly, I find that none of the proposed testimony is admissible. This ruling is not based on Mr. Kelley's education or on his affiliation with plaintiffs' lawyers and their organizations.

The defendants' motion to exclude the testimony is therefore *GRANTED.*

2. NUMBER OF JURORS AT TRIAL. I have concluded that, in light of the limitations I will impose on trial time, eight jurors will be sufficient to try this case to verdict. Accordingly, when the jury is drawn on Monday, March 1, 1993, eight jurors will be selected.

3. TRIAL TIME. After hearing the lawyers' presentations on behalf of their clients on two separate occasions on the subject of trial time and their agreement that they should have the same amount of trial time, it is hereby *ORDERED* as follows: The plaintiffs shall have 23 hours of time. This shall include all direct examination of plaintiffs'

witnesses and cross-examination of the defendants' witnesses. The defendants shall have the same amount of time to be calculated in the same fashion. I will allow a party to exceed its allotment only for good cause shown, if I am persuaded that the party has carefully and effectively used the time allotted. Any need for rebuttal time will be assessed at the end of the defendants' case-in-chief.

**SO ORDERED.**